**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.:  <u>ED CV 16-00663-AB (PLA)</u>                                                              Date: <u>April 11, 2016</u>

Title:  <u>Jonathan Wayne Mundo v. Warden Holland</u>

---

PRESENT:  THE HONORABLE  <u>PAUL L. ABRAMS</u>                    ☐ U.S. DISTRICT JUDGE
                                                                                         ☒ MAGISTRATE JUDGE

| <u>Christianna Howard</u> | <u>N/A</u> | <u>N/A</u> |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**                  **ATTORNEYS PRESENT FOR DEFENDANT:**
     NONE                                                                                  NONE

**PROCEEDINGS:**     **(IN CHAMBERS)**

On April 6, 2016, Jonathan Wayne Mundo ("petitioner"), a state prisoner currently incarcerated at the California Correctional Institution in Tehachapi, California, submitted a Petition for Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254. ("Petition" or "Pet."). Petitioner challenges his September 14, 2012, conviction pursuant to a plea agreement in the San Bernardino County Superior Court, on two counts of robbery, for which he received a sentence of four years in state prison. (Pet. at 2). Petitioner also indicates that on May 3, 2013, the Eighth Judicial District Court of Clark County, Nevada, imposed a 4-12 year sentence, to be served after his completion of "the sentence imposed by the judgment under attack." (Pet. at 7).

The statute under which petitioner brought his Petition, 28 U.S.C. § 2254, empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). As noted, the sentence on petitioner's conviction -- imposed on September 14, 2012 -- four years in state prison -- is to be followed by a sentence imposed by the Nevada state court. Under California law, an individual convicted of a violent felony, which includes "any robbery," "shall accrue no more than 15 percent of worktime credit" while incarcerated. Cal. Penal Code §§ 2933.1, 4019; <u>see</u> also Cal. Penal Code § 667.5. It is ambiguous, therefore, as to whether petitioner was "in custody" pursuant to his September 14, 2012, conviction in the San Bernardino County Superior Court at the time he filed his Petition. If he was not, then this Court is without jurisdiction to entertain the Petition.

Based on the foregoing, **on or before May 9, 2016**, petitioner is ordered to show cause why this action should not be summarily dismissed as improperly brought under § 2254. To avoid dismissal, on or before **May 9, 2016**, petitioner must file a response to this Order detailing why he believes the action should go forward under § 2254, by first demonstrating that when he filed his Petition he was "in state custody" pursuant to his conviction for robbery in the San Bernardino County Superior Court. If petitioner agrees that the action is improperly brought under § 2254, and that he was not in state custody for purposes of a habeas petition under § 2254 on this

---

conviction, he may request a **voluntary dismissal of this action without prejudice** by **completing the attached Notice of Dismissal form and selecting the option dismissing this action in its entirety.  He must also sign the form**.

On April 6, 2016, petitioner also submitted a document that he titled "Application for a Certificate of Appealability" ("Application" or "App.").  In the Application he raises two "grounds":  (1) the sentencing court erred when it did not strike one of petitioner's prior strikes pursuant to California Penal Code section 1385 and People v. Vargas, 59 Cal. 4th 635 (2014) (App. at 2, Ex. 1); and (2) the San Bernardino County Superior Court erroneously barred petitioner's writ of habeas corpus raising his sentencing error claim, as untimely and successive.  (App. at 3).  He contends that because the state courts erred in denying his state court habeas petitions, he is entitled to a certificate of appealability from this Court.

Rule 11 of the Rules Governing Section 2254 cases ("Rule 11"), provides that "*[t]he district court* must issue or deny a certificate of appealability *when it enters a final order adverse to the applicant*" (Rule 11 (emphases added)).  Thus, "[w]here a *district court* has rejected the [petitioner's] constitutional claims on the merits," in determining whether to issue a certificate of appealability, the District Judge will consider whether a petitioner has demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Rule 11 does not give this Court the authority to issue a certificate of appealability with respect to a decision made by a state court.  Nor is petitioner required to request a certificate of appealability at the time he first files his federal habeas petition in this Court in order to have this Court consider his federal habeas petition challenging his state court conviction.

Based on the foregoing, petitioner's Application for Certificate of Appealability is **denied**.


cc:   Jonathan Wayne Mundo, pro se




Initials of Deputy Clerk _____ch_____