UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JONATHAN WAYNE MUNDO,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN HOLLAND,<br><br>        Respondent. | No. ED CV 16-663-AB (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**DISCUSSION**

On August 2, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that respondent's Motion to Dismiss be granted and petitioner's request for stay and abeyance be denied, and that the Petition seeking habeas relief be denied as time barred and dismissed with prejudice. (ECF No. 18). On October 3, 2016, petitioner filed Objections to the R&R ("Objections" or "Obj."). (ECF No. 27).

In his Objections, among other things, petitioner argues that the California Supreme Court decision of People v. Vargas, 59 Cal. 4th 635 (2014), which was issued on July 10, 2014, "became final" on August 11, 2014, and, therefore, his Petition filed herein on August 12, 2015, raising a Vargas claim in Ground One, was timely. (Obj. at 1). In Vargas, the California Supreme Court

1  held resentencing is proper in "extraordinary cases" where the nature and circumstances of a
2  defendant's prior strike convictions demonstrate the trial court was required to dismiss one of them
3  because failure to do so would be inconsistent with the spirit of the Three Strikes law. Vargas, 59
4  Cal. 4th at 649.

5        The AEDPA provides that if a claim is based upon a constitutional right that is newly
6  recognized and applied retroactively to habeas cases by the United States Supreme Court, the
7  one-year limitation period begins to run on the date on which the new right was initially recognized
8  by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). In addition, "a district court shall
9  entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to
10 the judgment of a State court only on the ground that he is in custody in violation of the
11 Constitution or laws or treaties of the United States." Id. § 2254(a); Estelle v. McGuire, 502 U.S.
12 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); Langford v. Day, 110 F.3d 1380, 1389 (9th
13 Cir. 1996).

14       However, as Vargas is not a United States Supreme Court decision newly recognizing (and
15 retroactively applying) a constitutional right, Vargas cannot delay the date that petitioner's AEDPA-
16 limitation period began to run. See 28 U.S.C. § 2244(d)(1)(C). Additionally, Vargas addresses
17 only state sentencing law, an issue that is not cognizable on federal habeas review and, therefore,
18 is irrelevant to this Court's analysis. See id. § 2254(a). Therefore, Vargas does not render the
19 Petition timely.

20       Petitioner also argues that he is entitled to equitable tolling for the seven-day period
21 between May 22, 2015, and May 29, 2015, when his legal materials were "Trans-Packed" due to
22 his transfer to another prison and he did not have access to them. (Obj. at 1). Even if the Court
23 were to consider that period equitably tolled, the additional seven days does not render the
24 Petition, which was filed well after the expiration of the one-year limitation period, timely. (See
25 generally R&R at 6-11).

26       Petitioner's remaining objections are adequately addressed in the R&R.

27
28

## II.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss (ECF No. 14) is granted.
3. Petitioner's request for stay and abeyance (ECF No. 16) is denied.
4. Judgment shall be entered consistent with this Order.
5. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: October 28, 2016

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE